## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**CASSANDRA R. WILTZ,** *et al.***,**

   **Plaintiffs,**

  **v.**        **Civil Action 2:24-cv-4000**
             **Judge Douglas R. Cole**
             **Magistrate Judge Chelsey M. Vascura**

**DAVE YOST,** *et al.***,**

   **Defendants.**

## REPORT AND RECOMMENDATION

After Plaintiff failed to effect service of process over defendants identified as "John Doe No.1 (c/o Steve Marcovich, CEO of Ohio Health)," "John Doe No. 2 (c/o Ohio ENT and Allergy Physicians Legal Department)," and "John Doe No. 1, No. 2, and No. 3 (c/o Rob Cercek, President of OhioHealth Riverside Methodist Hospital)" ("Doe Defendants") the Court ordered Plaintiff to show cause within fourteen days why the Court should not dismiss her claims against the Doe Defendants without prejudice for failure to effect service, and why the Court should allow an extension of time to effect service. (February 12, 2025 Show Cause Order, ECF No. 82). Plaintiff responded to the Court's Show Cause Order, detailing the reasons for her failure to effect service of process over the Doe Defendants. (ECF No. 93.) Based on these representations, the Court extended Plaintiff's deadline to effect service over the Doe Defendants to April 12, 2025. (ECF No. 96.)

When Plaintiff still failed to effect service over the Doe Defendants, the Court again ordered her to show cause within fourteen days why the Court should not dismiss her claims

against Doe Defendants and why the Court should allow for an extension of time to effect service. (May 22, 2025 Show Cause Order, ECF No. 126.) Plaintiff did not respond to the Court's Order. To date, the docket does not reflect that Plaintiff has moved to amend the Complaint to substitute the real names of the Doe Defendants, nor does it reflect that Plaintiff has effected service upon the Doe Defendants.

Based on the foregoing, it appears Plaintiff has not identified or served the Doe Defendants. Accordingly, it is **RECOMMENDED** that Plaintiff's claims against the Doe Defendants be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(m) for failure to timely effect service of process.

## <u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

_/s/ Chelsey M. Vascura_
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE