UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CASSANDRA R. WILTZ, et al.,

      Plaintiffs,

  v.                                   Case No. 2:24-cv-4000

DAVE YOST, et al.,              JUDGE DOUGLAS R. COLE
                                          Magistrate Judge Vascura

      Defendants.

## ORDER

The Court recently dismissed pro se Plaintiff Cassandra Wiltz's Complaint as against most Defendants in this matter for reasons ranging from failure to state a claim to res judicata to various immunity doctrines. (Op. & Order, Doc. 128, #4036). But that Opinion didn't apply to Defendant Nickolas McCoy, whose motion to dismiss wasn't yet ripe, or to the various Doe Defendants, whom Wiltz had yet to identify or serve. (*Id.* at #4016 n.3). Since then, McCoy's motion has become ripe for review. In addition, on the service front, the Magistrate Judge issued a Report and Recommendation (R&R, Doc. 130), advising the Court to dismiss the Doe Defendants without prejudice based on Wiltz's failure to timely effect service of process. For the reasons discussed briefly below, the Court **GRANTS** McCoy's Motion to Dismiss (Doc. 127), and separately **ADOPTS** the R&R (Doc. 130) relating to the service issue. As a result, the Court **DISMISSES WITH PREJUDICE** Wiltz's federal claims against McCoy (for failure to state a claim), and **DISMISSES WITHOUT PREJUDICE** her state-law claims against him (because the Court declines to exercise jurisdiction over

those). The Court also **DISMISSES WITHOUT PREJUDICE** Wiltz's claims against the Doe Defendants (for failure to effect service).

## BACKGROUND

The Court's previous Opinion detailed the alleged factual underpinnings of this case. (Doc. 128, #4012–16). For now, suffice it to say that Wiltz has sued numerous individuals and entities for myriad harms they allegedly committed against her and her now-deceased partner, Dan Burnett. (*Id.* at #4012–13). One of the individuals she sued is Defendant Nickolas McCoy. Wiltz alleges that he was one of the administrators of Burnett's Estate and that he (1) refused to turn over a copy of Burnett's cremation records when asked, and (2) made false representations during state-court probate proceedings. (*See* Doc. 1-1, #58–62). So Wiltz sued McCoy (along with several of the dismissed Defendants) for civil conspiracy and retaliation under 42 U.S.C. § 1983, along with various state-law claims. (*See* Doc. 1, #47–48; Doc. 1-2, #99; Doc. 1-3, #100). Wiltz also named a few Doe Defendants in her Complaint, (Doc. 1, #11–14), for their alleged failures to provide her adequate medical care and properly maintain her medical records, (*see id.* at #18–19).

McCoy now moves to dismiss Wiltz's Complaint for failure to state a claim. (Doc. 127). He argues, among other things, that Wiltz did not plausibly allege that he is a person acting under color of state law, which dooms her § 1983 claims against him. (*Id.* at #3990–92). And he asks the Court to decline to exercise supplemental jurisdiction over Wiltz's state-law claims. (*Id.* at #3392–94). Wiltz responded, (Doc. 133), and McCoy replied, (Doc. 134), so the motion is ripe for the Court's review.

Things are a little different as to the Doe Defendants. There, the potential problem is lack of service, which is an issue referred to the assigned Magistrate Judge under the Court's local rules. Consistent with that referral, the Magistrate Judge recently issued an R&R, which recommends dismissing Wiltz's Complaint against the Doe Defendants. (Doc. 130). Specifically, the R&R explains that the Magistrate Judge has now issued two Show Cause Orders, requiring Wiltz to explain why the Court should not dismiss her claims against the Doe Defendants for failure to effect service. (*Id.* at #4050). In response to the first, Wiltz moved for an extension of time to effect service, which the Magistrate Judge granted. (*Id.*). But Wiltz never completed that task. (*Id.*). And Wiltz did not respond at all to the second Show Cause Order. (*Id.* at #4050–51). Given those failures, the Magistrate Judge recommends dismissing the Does. (*Id.* at #4051). Consistent with her past practice, Wiltz did not object within the fourteen-day deadline.

## LEGAL STANDARD

### A. Motion to Dismiss Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "sufficient factual matter … to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). While a "plausible" claim for relief does not require a showing of probable liability, it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The complaint must allege sufficient facts to allow the Court "to draw the reasonable inference that the defendant is liable." *Id.*

3

"In reviewing a motion to dismiss, [the Court] construe[s] the complaint in the light most favorable to the plaintiff, draw[s] all reasonable inferences in [her] favor, and accept[s] all well-pleaded allegations in the complaint as true." *Keene Grp., Inc. v. City of Cincinnati*, 998 F.3d 306, 310 (6th Cir. 2021). But that does not mean the Court must take everything a plaintiff alleges at face value. The Court may disregard "naked assertion[s]" of fact, "formulaic recitation[s] of the elements of a cause of action," and "mere conclusory statements." *Iqbal*, 556 U.S. at 678 (cleaned up). And it has limited scope to consider materials outside the pleadings. *Elec. Merch. Sys. LLC v. Gaal*, 58 F.4th 877, 883 (6th Cir. 2023).

Because Wiltz is proceeding pro se, the Court adds that a pro se litigant's pleadings should be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010).

**B.     Unobjected R&R Standard**

Wiltz did not object to the R&R, which means she's forfeited de novo review. *See Thomas v. Arn*, 474 U.S. 140, 150–52 (1985). That said, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that even for unobjected R&Rs, the Court still must "satisfy itself that there is no clear error on the face of the record

4

in order to accept the recommendation." *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

## LAW AND ANALYSIS

### A.    Wiltz Failed to State a Claim Against McCoy.

Wiltz's claims against McCoy largely mirror her claims against now-dismissed Defendant Terrence Flahive. (*See* Doc. 1-1, #58–62). Flahive briefly served as administrator of Burnett's Estate at Burnett's children's request. (*See* Doc. 1-1, #59; Doc. 108, #3562). But then, after what's best described as a skirmish between Wiltz and Burnett's children, McCoy stepped in to help Wiltz administer the Estate, as she was listed as the executor. (*See* Doc. 1-1, #59; *see also* Doc. 108, #3562). By Wiltz's own admission, though, both Flahive and McCoy are private attorneys. (*Id.* at #58). And, for the same reason that admission was fatal to her claims against Flahive, it is ultimately fatal to her claims against McCoy (at least in this Court).

To expound on that a bit, the Court understands Wiltz to press two types of claims against McCoy: § 1983 claims (for civil conspiracy and retaliation) and various state-law claims (for negligence, defamation, and intentional infliction of emotional distress). (Doc. 1-1, #58–62; Doc. 1-2, #99; Doc. 1-3, #100; *see also* Doc. 128, #4020 (construing the same as against Flahive)). But her § 1983 claims fall short. That's because Wiltz failed to plausibly allege that McCoy is a "person acting under color of state law," which is a necessary component of a § 1983 claim. *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008). Based on Wiltz's allegations—which, the Court notes, err on the side of frivolousness—McCoy is a

5

private attorney, not a state actor. (Doc. 1-1, #58). So § 1983 typically "does not reach [his] conduct." *Weser v. Goodson*, 965 F.3d 507, 515–16 (6th Cir. 2020). And even though private actors are sometimes deemed to act under color of state law, that happens only when their conduct "is fairly attributable to the state." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). Wiltz, however, has offered no allegations suggesting that is the case here. (*See* Doc. 128, #4020–22 (finding the same for Flahive)). So her § 1983 claims fail.

That result impacts her state-law claims too. Because the Court dismisses Wiltz's federal claims premised on § 1983, it declines to exercise jurisdiction over her state-law claims. *See* 28 U.S.C. § 1367(c); (Doc. 128, #4022, 4034 n.16).

**B.     The Court Adopts the R&R, and Dismisses the Doe Defendants for Failure to Effect Service.**

Now consider the Doe Defendants. The Magistrate Judge recommends dismissing Wiltz's Complaint as against them for failure to effect timely service of process, (Doc. 130, #4051), and Wiltz does not object to that conclusion.

In line with the command set out in Federal Rule of Civil Procedure 72(b)'s advisory committee notes, the Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Federal Rule of Civil Procedure Rule 4(m) requires the Court, after providing notice to the plaintiff, to dismiss an action without prejudice against any defendant who "is not served within 90 days after the complaint is filed," unless the plaintiff can show good cause for the failure. Wiltz filed her Complaint on October 1, 2024. (Doc. 1). As of August 2025—which is well over ninety days after the Complaint's filing—Wiltz has not served the Doe Defendants. And

6

that's after the Magistrate Judge notified Wiltz twice—once in February 2025 and again in May 2025—of her need to do so. (Show Cause Orders, Docs. 82, 126). What's more, Wiltz hasn't offered any reason why there's good cause for her failure to comply with that second Order. So, the R&R recommendation to dismiss the Does is well taken.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** McCoy's Motion to Dismiss (Doc. 127), and **ADOPTS** the R&R (Doc. 130). As a result, the Court **DISMISSES** Wiltz's federal claims against McCoy **WITH PREJUDICE**.[1] The Court further declines to exercise jurisdiction over Wiltz's remaining state-law claims against him under 28 U.S.C. § 1367(c), and thus **DISMISSES** those claims **WITHOUT PREJUDICE**. As for the Doe Defendants, the Court **DISMISSES WITHOUT PREJUDICE** Wiltz's claims against them as Federal Rule of Civil Procedure 4(m) instructs. In dismissing McCoy and the Does, the Court has now dismissed Wiltz's claims against all Defendants named in this case. That said, there remains one pending motion on the docket, which is not yet ripe: Ohio Health's Motion for Sanctions (Doc. 132). Although the Court likely could enter judgment while retaining jurisdiction to resolve the sanctions issue, *see, e.g.*, *CareToLive v. von*

---

[1] Although the Court could dismiss Wiltz's § 1983 claims against McCoy without prejudice, as it is a first dismissal, the Court instead elects to dismiss them with prejudice. Wiltz did not move for leave to amend her Complaint or in any way suggest in her Response that she could resolve the problems McCoy highlighted in his motion. *Salazar v. Paramount Glob.*, 133 F.4th 642, 653 (6th Cir. 2025) ("[W]hen a party does not file a motion to amend or a proposed amended complaint in the district court, it is not an abuse of discretion for the district court to dismiss the claims with prejudice." (cleaned up)).

7

*Eschenbach*, 525 F. Supp. 2d 952, 972 (S.D. Ohio 2007), the Court instead elects not to enter judgment and terminate this case until it has addressed that issue.

    **SO ORDERED.**

<u>August 15, 2025</u>  
**DATE**

                                       **DOUGLAS R. COLE**  
                                       **UNITED STATES DISTRICT JUDGE**