UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CASSANDRA R. WILTZ, et al.,

      Plaintiffs,

                           Case No. 2:24-cv-4000

  v.

                           JUDGE DOUGLAS R. COLE
DAVE YOST, et al.,                Magistrate Judge Vascura

      Defendants.

## OPINION AND ORDER

Plaintiff Cassandra Wiltz, a prolific pro se litigant, brought this lawsuit alleging that the forty-four named Defendants harmed her in myriad ways. (*See generally* Compl., Doc. 1). In a June 16, 2025, Opinion and Order, the Court granted most of the Defendants' motions for judgment on the pleadings and motions to dismiss, and warned Wiltz that any attempt to either relitigate the dismissed claims or file new frivolous lawsuits would result in her designation as a vexatious litigant in the federal courts. (*See* Doc. 128, #4012). Thereafter, the Court granted late-served Defendant Nickolas McCoy's motion to dismiss. (Doc. 140). A subset of the Defendants, those associated with Defendant OhioHealth Physician Group, now moves the Court for monetary sanctions against Wiltz. (Doc. 132). For the reasons stated below, the Court **DENIES** the motion.

The Court will not rehash this case's background at length. Suffice to say that Wiltz filed her 101-page Complaint on behalf of herself and her now-deceased partner, Dan Burnett. (Doc. 128, #4012–13). Her factual allegations fell into three categories. First, Wiltz asserted healthcare-related claims against various healthcare

entities and their employees on her behalf. (*Id.* at #4013). Second, Wiltz asserted various claims against the same healthcare entities and employees on Burnett's behalf as "executor" of his Estate. (*Id.* at #4013–14). Finally, Wiltz alleged numerous non-healthcare claims on her behalf. (*Id.* at #4014). Specifically, Wiltz claimed that some of the Defendants noted above conspired with "numerous state-court judges, judicial staff, state officials, and private attorneys" to retaliate against her for filing lawsuits to redress the "injuries she and Burnett apparently incurred." (*Id.*).

But that's only part of the story. "Wiltz has filed no less than *forty-one* lawsuits in Ohio state courts"—conduct that led those courts to declare Wiltz a vexatious litigant. (*Id.* at #4015). Wiltz also filed three other federal lawsuits (*Id.*). The first, which named seventy-seven defendants, was dismissed after a year of litigation. (*Id.*). "The second named twenty-five defendants and didn't make it past the magistrate judge's screening." (*Id.* at #4016). And the third named eight defendants; the case was ultimately dismissed for lack of subject-matter jurisdiction. (*Id.* at #4016). As described above, Wiltz's Complaint in this case fared no better.

Now Defendant OhioHealth and related individual Defendants seek sanctions against Wiltz, invoking (1) Federal Rule of Civil Procedure 11, (2) 28 U.S.C. § 1927, and (3) the Court's inherent authority to sanction parties for litigation misconduct. (Doc. 132, #4053). Those Defendants assert that, if Wiltz's conduct goes unsanctioned, the "practical result" will be that Wiltz remains "free to file litigation against" the Defendants, "or anyone else for that matter." (*Id.* at #4056). They explain that "[a]t present, OhioHealth has expended approximately [$170,000] defending against

2

Wiltz's wasteful attacks." (*Id.*). They support that figure with nearly 70 pages of invoices from their attorneys. (*See* Doc. 132-1).

Wiltz responds by essentially denying that she has done anything wrong. For example, she asserts that she has "not ever made any 'wasteful attacks' against any of the defendants." (Doc. 138, #4188). She claims that she has never sued certain Defendants prior to this action, such as Steve Marcovich and Karen Clouse. (*Id.* at #4189). And she says that she has "only" previously sued certain Defendants once. (*Id.*). Thus, in her view, these Defendants are "not 'victims'" and have never been the object of her litigation misconduct. (*Id.*).

The body of Wiltz's response goes on for twelve pages, and she uses each page to explain that, in one way or another, she is simply not at fault for her litigation tactics. (*Id.* at #4186–98). She asserts that her various lawsuits were not frivolous because she "knew that they were not frivolous when [she] filed them." (*Id.* at #4195). Wiltz also asserts, without further explanation, that the Court erred in applying the doctrine of res judicata to her case. (*Id.* at #4197). And at certain points, she uses language that one could reasonably interpret as indicating that she intends to continue pursuing her litigation activities. (*See, e.g.*, *id.* at #4195–96 ("I believe that the defendants and the State of Ohio should be held accountable/liable for their crimes and other unlawful behavior.")).

Troubling as Wiltz's response is, though, the Court, for the reasons more fully discussed below, elects not to impose sanctions at this time.

3

### 1. The Court Declines to Impose Sanctions Under Rule 11.

Under Federal Rule of Civil Procedure 11, when "an attorney or unrepresented party" presents papers to a court, that person "certifies that to the best of the person's knowledge, information, and belief" that (1) the filing is "not being presented for any improper purpose," (2) the assertions contained in the filing are either "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," (3) the "factual contentions" either "have evidentiary support" or "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery," and (4) the "denials of factual contentions" are either "warranted on the evidence" or "reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b).

The Court may impose sanctions for violations of Rule 11, *see* Fed. R. Civ. P. 11(c), and the OhioHealth Defendants contend that the Court should rely on this authority to do so here, (*see* Doc. 132, #4057–59). Crucially, though, Rule 11 contains a safe-harbor provision, which provides that a party "must not" file a motion for sanctions under Rule 11 with the Court unless, "within 21 days after service" of the motion upon the opposing party, "the challenged paper, claim, defense, contention, or denial is [not] withdrawn or appropriately corrected." Fed. R. Civ. P. 11(c)(2). As the Sixth Circuit has explained, this provision contemplates a "two-step process: first, serve the Rule 11 motion on the opposing party for a designated period (at least twenty-one days); and then file the motion." *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997). Complying with the safe-harbor provision is an "absolute

4

requirement" for obtaining relief under the Rule. *Id.* at 296 (collecting cases). Failure to do so "precludes imposing sanctions on the party's motion," *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 767 (6th Cir. 2014) (citation omitted), and "[n]o … exceptions exist," *Annabel v. Erichsen*, No. 2:15-cv-10345, 2018 WL 3751445, at *2 (E.D. Mich. Aug. 8, 2018).

Here, the OhioHealth Defendants have not complied with the safe-harbor provision—or, at least, there is no reason to believe that they have. There is simply no evidence in the record of their compliance.[1] That is sufficient for denial. *See, e.g.*, *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1328 (2d Cir. 1995) (denying a Rule 11 motion in part because "there [was] no evidence in the record indicating that [the defendant] served [the plaintiff] with the request for sanctions 21 days before presenting it to the court").

### 2. The Court Declines to Impose Sanctions Under 28 U.S.C. § 1927.

The OhioHealth Defendants also rely on 28 U.S.C. § 1927 in support of their sanctions request. (*See* Doc. 132, #4059–60). That statute provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

---

[1] The motion's certificate of service says that the motion was served on June 26, 2025—the day the OhioHealth Defendants filed the motion. (Doc. 132, #4064). Other than that, there appears to be no evidence of service in the record.

The OhioHealth Defendants contend that the Court may rely on this provision to impose sanctions on pro se litigants like Wiltz. (*See* Doc. 132, #4059–60). But the Court has doubts. True, as the OhioHealth Defendants point out, there is a Sixth Circuit decision that affirms an award of sanctions against a pro se litigant under this section. *See In re Polyurethane Foam Antitrust Litig.*, Nos. 17-3361, 17-3548, 2017 U.S. App. LEXIS 25352, at \*8 (6th Cir. Dec. 14, 2017). But two points there. First, the decision is unpublished, and it therefore does not bind the Court. *See, e.g.*, *Sheets v. Moore*, 97 F.3d 164, 167 (6th Cir. 1996) ("[T]hese decisions are unpublished and therefore carry no precedential weight. They have no binding effect on anyone other than the parties to the action."). Second, the case's persuasive value is limited. To the extent that the *Polyurethane* court engaged with the issue, it did so in a single sentence: "Section 1927 applies to counsel as well as other individuals." *In re Polyurethane Foam Antitrust Litig.*, 2017 U.S. App. LEXIS 25352, at \*8 (citation omitted). And in support, it cited *Moore v. Lafayette Life Insurance Company*, which stands for the distinguishable proposition that a party may be held jointly and severally liable *with its attorney* for fees imposed against *the attorney* under § 1927. 458 F.3d 416, 446–47 (6th Cir. 2006). And while some district court decisions from within the Sixth Circuit have concluded that the statute applies to pro se litigants, others have gone the other way. *Compare Gitler v. Ohio*, 632 F. Supp. 2d 722, 724 (N.D. Ohio 2009) ("[C]ourts in the Sixth Circuit can sanction pro se litigants under [§ 1927]." (italics omitted)), *with Hunter v. Hamilton Cnty.*, No. 1:15-cv-540, 2017 WL 35445, at \*4 (S.D. Ohio Jan. 3, 2017) ("Sanctions under § 1927 are not warranted in

6

this case because plaintiff is proceeding pro se and § 1927 does not apply to pro se litigants."), *report and recommendation adopted*, 2017 WL 366364 (S.D. Ohio Jan. 25, 2017). So the precedent on this question is mixed at best.

More importantly, though, there are reasons to doubt the OhioHealth Defendants' position as an initial matter of statutory interpretation. As the Second Circuit has explained, "the word 'admitted' in this context suggests application to those who, like attorneys, gain approval to appear in a lawyerlike capacity." *Sassower v. Field*, 973 F.2d 75, 80 (2d Cir. 1992). That conclusion is borne out by the provision's statutory (as opposed to legislative) history. "The prior version of the statute read 'any attorney, proctor, or other person admitted.'" *Id.* (quoting *Motion Picture Patents Co. v. Steiner*, 201 F. 63, 64 (2d Cir. 1912)). At that time, the term "proctor" referred to "an officer of the admiralty … courts whose duties and business correspond exactly to those of an attorney at law or solicitor in chancery." *Proctor*, Black's Law Dictionary (2d ed. 1910); *see also* Thomas J. Schoenbaum, Admiralty & Maritime Law § 3:2 (7th ed. 2026) (explaining that, at one time in admiralty practice, "[p]laintiffs were called 'libellants'; defendants were 'respondents;' complaints were 'libels'; and lawyers were 'proctors in admiralty'"); *The Baltimore*, 75 U.S. 377, 392 (1869) (discussing, as a group, "[a]ttorneys, solicitors, and proctors"). "[A] word is known by the company it keeps." *Yates v. United States*, 574 U.S. 528, 543 (2015); *see also United States v. Williams*, 553 U.S. 285, 294 (2008) ("[A] word is given more precise content by the neighboring words with which it is associated."). So the phrase "other person admitted," as it appears in the prior version of the statute, is best read as referring

7

to those who had credentials that are on par with those of a lawyer or proctor. And who might these "other person[s]" be? As the Seventh Circuit has explained when interpreting that same phrase in the current version of the statute, it may include, for example, "non-attorneys" admitted to practice in patent proceedings under certain circumstances or "law students [who] receive special permission to conduct cases before they are admitted to the bar." *Claiborne v. Wilson*, 414 F.3d 715, 723 (7th Cir. 2005) (citations omitted). So the statute as originally written is best read as extending to attorneys, attorneys by another name, and various categories of non-attorneys who may be admitted *to practice* in special circumstances. It's unlikely that Congress's revision—removing "proctor" and leaving "any attorney or other person admitted to conduct cases"—was intended to capture those who appear in court without formal, lawyerly credentials.

Moreover, pro se litigants are not "admitted" in any meaningful sense. "Admitted," after all, typically means admitted *to the court's bar* (the list of attorneys who are authorized to practice before the court). *See Admission*, Black's Law Dictionary (12th ed. 2024). Pro se litigants by contrast, just "generally have a right to appear pro se." *Sassower*, 973 F.2d at 80 (italics omitted) (first citing 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); and then citing *O'Reilly v. N.Y. Times Co.*, 692 F.2d 863, 867 (2d Cir. 1982)); *see also Meadowbriar Home for Child., Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996) ("Under § 1927, expenses, costs, and

attorneys' fees may only be awarded against attorneys or those admitted to practice before the court."); *In re Micron Devices, Inc.*, No. 24-11215, 2025 WL 2449469, at *3 (11th Cir. Aug. 26, 2025) ("[S]ection 1927 cannot support sanctions against a non-attorney pro se litigant."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 41 (1991) (reiterating, without objection, the district court's view that § 1927 "applies only to attorneys"). *But see Wages v. IRS*, 915 F.2d 1230, 1235–36 (9th Cir. 1990) ("Section 1927 sanctions may be imposed upon a pro se plaintiff.").

Finally, to the extent that the text is ambiguous, the Court finds the statute's title—"[c]ounsel's liability for excessive costs," 28 U.S.C. § 1927—instructive. To be sure, a title "cannot substitute for the operative text of the statute." *Fla. Dep't of Revenue v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 47 (2008) (citation omitted). But "the title of a statute or section can aid in resolving an ambiguity in the legislation's text." *I.N.S. v. Nat'l Ctr. For Immigrants' Rts., Inc.*, 502 U.S. 183, 189 (1991). And here, we have what is arguably a paradigmatic case of ambiguity—the term "other person" in § 1927 could refer to anybody who appears in court for the purpose of conducting a case (including pro se litigants), or it could refer to those who appear for that purpose with the requisite formal credentials. And the use of the term "[c]ounsel[]" in the title suggests that the latter reading is correct.

For the reasons stated, the Court agrees as a matter of statutory interpretation with the majority view among the circuits on this issue. Thus, the Court rejects the OhioHealth Defendants' § 1927 argument.

**3.    The Court Declines to Use its Inherent Authority to Sanction Wiltz.**

Finally, the OhioHealth Defendants contend that the Court should use its inherent authority to manage the litigation process as a basis for sanctioning Wiltz. While the Court has sympathy for the Defendants' position, it declines to take this course. True, a "district court has the inherent authority to award fees when a party litigates in bad faith, vexatiously, wantonly, or for oppressive reasons." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002) (citation modified). And the Court agrees that there are reasons to believe that Wiltz's conduct clears that hurdle. Nonetheless, while the Court has previously warned Wiltz that "filing any new complaints that either attempt to relitigate" her dismissed claims or "that raise frivolous allegations or otherwise fail to state a claim will result in her designation as a vexatious litigator," (Doc. 128, #4036), it has not expressly warned her of the possibility of monetary sanctions, *see McKenna v. Nestle Purina PetCare Co.*, No. C2-05-976, 2011 WL 14418, at *4 (S.D. Ohio Jan. 3, 2011) ("In this case, it is not clear that McKenna, as a pro se plaintiff, was given adequate notice before filing the present motion that further action on his part might result in the imposition of fees." (italics omitted)). Against that backdrop, the Court declines to exercise its inherent authority to impose sanctions here.

In sum, for the reasons stated, the Court **DENIES** the OhioHealth Defendants' Motion for Sanctions (Doc. 132).

The Court acknowledges that this is an unwelcome result for the OhioHealth Defendants, who have many legitimate complaints about the propriety of Wiltz's

litigation conduct. But, at least at this juncture, the Court concludes that this is the best course. That said, the Court again **FORMALLY WARNS** Wiltz that future litigation misconduct, including filing frivolous complaints involving the claims or Defendants at issue in this case will result in a vexatious litigant designation. Likewise, it **FORMALLY WARNS** Wiltz that such conduct could result in the Court ordering monetary sanctions against her. And on that front, the Court notes that Wiltz's Response (Doc. 138) is not at all encouraging. Accordingly, the Court is doing its level best to impress upon Wiltz that strict compliance with the Court's prior Opinion & Order (Doc. 128), as well as this Order, will be necessary to avoid the Court imposing sanctions.

      **SO ORDERED.**

March 18, 2026
 **DATE**                       **DOUGLAS R. COLE**
                                  **UNITED STATES DISTRICT JUDGE**

11